<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IZZY & LIV, LLC,<br><br>　　　　　　Defendant. | Civil Action No. 24-07561 (GC) (TJB)<br><br>**<u>MEMORANDUM OPINION</u>** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant Izzy & Liv, LLC's Motion to Dismiss Plaintiff August Image, LLC's Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 13.) Plaintiff opposed (ECF No. 14), and Defendant replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Motion to Dismiss is **DENIED**.

## I.   <u>BACKGROUND</u>[1]

Plaintiff is "a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection" and is "the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video, including the celebrated photographers Air Michelson, Danielle Levitt,

---

[1]　　On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

Dennis Leupold, Djeneba Aduayom, Emily Shur, Kristen Lee Moolman, Martin Schoeller, Micaiah Carter, Miller Mobley, and Shayan Asgharnia." (ECF No. 1 ¶ 7.) Plaintiff "licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes," whose works are allegedly at issue in this case. (*Id.* ¶ 8.) Plaintiff owns the copyrights for the photographic works at issue in this case. (*Id.* ¶¶ 9, 14.)

Plaintiff asserts that twelve of its copyrighted photographic works were "reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization, on Defendant's Instagram page." (*Id.* ¶¶ 16, 19, 21.) Because of Defendant's alleged conduct, the Complaint asserts one count of direct copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*[2] (*Id.* at 4-6.[3])

Defendant filed the instant Motion, asserting that Plaintiff's claims are barred by res judicata/claim preclusion. (ECF No. 13-1 at 1.) Defendant asserts that the parties "have already litigated and settled the issue arising from the nucleus facts of this case, in a prior action, Civil Action: 3:23-CV-02923-MAS-DEA" (2023 action). (*Id.*) In the 2023 action, which involved the same parties as in the present case, the Honorable Michael A. Shipp, U.S.D.J., dismissed the case with prejudice via a joint stipulation by the parties. (*Id.*) Defendant now asserts that Plaintiff "could have and should have raised all claims it had against" Defendants in the 2023 action "rather

---

[2]     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338.

[3]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

than wasting judicial resources by filing a second action with the same claims, same parties, same witnesses and same claim for damages."[4]  (*Id.* at 2.)

In response, Plaintiff asserts that Defendant's Motion should be denied because the Complaint sufficiently pleads a claim for copyright infringement and Defendant's affirmative defense of res judicata fails.  (ECF No. 14 at 4-5.)  Regarding res judicata specifically, Plaintiff asserts that Defendant cannot establish: (1) that the acts complained of are the same, (2) that the material facts alleged in each suit are the same, and (3) that the witnesses and documentation required to prove the allegations are the same.  (*Id.* at 6-8.)  Plaintiff further argues that Defendant is incorrect in "theorizing" that the claims in this suit could have been brought in the 2023 suit. (*Id.* at 8-11.)

## II.    <u>LEGAL STANDARD</u>

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dir. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372

---

[4]     Defendant does not argue that Plaintiff has failed to plead facts sufficient to state a claim, but rather focuses its argument solely on res judicata/claim preclusion.  (ECF No. 13-1 at 3 (noting that "the one issue before this Court is the fact that the one cause of action in the Complaint should have been brought in the 2023 Action and is now barred in its entirety through the doctrine of res judicata/claim preclusion").)

(3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis*, 824 F.3d at 349).

## III.    <u>DISCUSSION</u>

Res judicata, or claim preclusion, "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).  The party seeking to invoke the doctrine must establish that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Id.*  As the United States Court of Appeals for the Third Circuit has noted, res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id.* There is no dispute that the first two elements are satisfied.  (*See* ECF No. 14 (addressing only element three).)  Therefore, the Court need only determine whether the present suit is based on the same cause of action as the 2023 action.

The Third Circuit has explained that courts should take a "broad view of what constitutes the same cause of action" and that "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (cleaned up).  The "essential similarity" approach "reflects the 'present trend . . . of requiring that a plaintiff present in one suit all the claims for

relief that he may have arising out of the same transaction or occurrence.'" *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 348 (3d Cir. 2010) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). In analyzing essential similarity, courts consider several factors: (1) "whether the acts complained of and the demand for relief are the same"; (2) "whether the theory of recovery is the same"; (3) "whether the witnesses and documents necessary at trial are the same"; and (4) "whether the material facts alleged are the same." 767 F.3d at 277. "It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Id.*

Importantly, "[a]lthough res judicata is typically raised as an affirmative defense, it may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint and any documents properly considered on a Rule 12(b)(6) motion." *Gage v. N.J. Dep't of Env't Prot.*, Civ. No. 23-21264, 2024 WL 1076675, at *4 (D.N.J. Mar. 12, 2024); *Hoffman v. Nordic Nat., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (noting that "res judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless it is 'apparent on the face of the complaint.'" (quoting *Rycoline Prod., Inc., v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997))). "For the purposes of this motion, the Court may take judicial notice of the pleadings and orders from the prior proceedings in order to establish the nature and scope of prior proceedings between the parties." *Gage*, 2024 WL 1076675, at *4.

The Court finds, at this early stage in the litigation, that res judicata does not bar Plaintiff's single copyright claim. The material facts at issue here are distinct from those at issue in the 2023 action. Here, Defendant's alleged copyright infringement pertains to twelve photographic images from ten artists that Defendant posted on its Instagram page. (ECF No. 1 ¶¶ 7, 16, 22.) On the other hand, the 2023 action involved Defendant's alleged copyright infringement of one photographic image from a different artist that was displayed on Defendant's website. *See*

Complaint ¶¶ 7, 15, *August Image, LLC v. Izzy and Liv, LLC*, Civ. No. 23-02923 (D.N.J. May 30,

2023).   The distinctiveness of the material facts provides sufficient support that the alleged

copyright infringement in this case is not the same as in the 2023 action.  *Cf. Sims v. Viacom, Inc.,*

544 F. App'x 99, 101-03 (3d Cir. 2013) (affirming the district court's dismissal of the third suit

based on res judicata because the plaintiff's contention regarding copyright infringement (*i.e.,*

copying plaintiff's concept for the same reality television show) was the same as in prior suits).

Further, because the photographic images relate to completely different artists, at least some

witnesses and documents are likely to be different between the present case and the 2023 action.

At this early stage in the litigation, it appears that the present case and the 2023 action are

distinct, and therefore the Court will not dismiss Plaintiff's Complaint on res judicata grounds.[5]

Nevertheless, Defendant may raise this affirmative defense at the summary judgment stage.

## IV.    **CONCLUSION**

For the reasons stated above, and for other good cause shown, Defendant's Motion to

Dismiss (ECF No. 13) is **DENIED**.  An appropriate Order follows.


Dated: April 16, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[5]    As to Defendant's argument that Plaintiff had sufficient knowledge to include all alleged
copyright infringement claims related to the twelve photographic images in the 2023 action, (ECF
No. 13-1 at 8), the Court finds that "[t]his determination requires a resolution of factual issues that
is inappropriate on a motion to dismiss."  *D'Agostino v. Appliances Buy Phone, Inc.*, 633 F. App'x
88, 94 (3d Cir. 2015).

6