NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>IZZY & LIV, LLC,<br><br>     Defendant. | Civil Action No. 24-07561 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon Plaintiff August Image, LLC's Motion for Default Judgment against Defendant Izzy & Liv, LLC pursuant to Federal Rule of Civil Procedure (Rule) 55(b).  (ECF No. 19.)  Defendant has not responded to this Motion.  The Court has carefully reviewed Plaintiff's submission and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

I.  **BACKGROUND**

  Plaintiff August Image, LLC describes itself as a "boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection."  (ECF No. 1 ¶ 7.)[1] Plaintiff is "the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video" including photographers such as Ari Michelson, Danielle Levitt, Dennis Leupold, Djeneba Aduayom, Emily

---

[1]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Shur, Kristen-Lee Moolman, Martin Schoeller, Micaiah Carter, Miller Mobley, and Shayan Asgharnia.  (*Id.*)  Plaintiff licenses those photographers' images (the Works) "to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes."  (*Id.* ¶ 8.)  Plaintiff is the owner of the work of the photographers it represents and all copyrighted Works at issue in this litigation, which involves twelve separate photographs of celebrities and public figures.  (*Id.* ¶¶ 9, 14, 21.)

Defendant Izzy & Liv, LLC, describes itself as a "minority focused lifestyle fashion brand."  (ECF No. 13-1 at 2.)  Plaintiff discovered the unauthorized use of the Works on Defendant's Instagram page.  (ECF No. 1 ¶ 16; ECF No. 1-3.)  The Works were posted alongside inspirational quotes, graphics, and questions.  (*See* ECF No. 1-3.)  Plaintiff alleges that Defendant used the Works on its Instagram page to "promote Defendant's brand, products, and services."  (ECF No. 1 ¶ 17.)  Defendant used the Works without Plaintiff's permission.  (*Id.* ¶ 19.)

On July 5, 2024, Plaintiff filed a Complaint for one count of direct copyright infringement under 17 U.S.C. § 101 *et seq*, alleging infringement of twelve different Works.  (*Id.* ¶¶ 21, 23-31.)  On November 29, 2024, Defendant filed a Motion to Dismiss.  (ECF No. 13.)  The Court denied that Motion on April 16, 2025.  (ECF No. 17.)  Subsequently, Defendant did not respond to the Complaint.  On June 4, 2025, the Clerk entered default against Defendant.  Plaintiff now moves for default judgment.  (ECF No. 19.)  To date, Defendant has not responded to this Motion.

## II.    <u>LEGAL STANDARD</u>

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a default has been entered, the plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself—under Rule 55(b).  Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at \*1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, the Court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at \*1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *DirecTV, Inc.*, 2006 WL 680533, at \*1. Still, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citation and internal quotation marks omitted).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *The Prudential Ins. Co. of Am. v. Bramlett*, Civ. No. 08-119, 2010 WL 2696459, at \*1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *G & G Closed Cir. Events, LLC v. Remsen Assocs., Inc.*, Civ. No. 19-13019, 2021 WL 1139873, at \*2 (D.N.J. Mar. 24, 2021) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at \*2 (D.N.J. July 24, 2012)). To determine whether default judgment is proper, the court evaluates "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party

3

subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same). If these factors weigh in favor of the moving party, the court may grant default judgment.

### III.    DISCUSSION

#### A.    Subject-Matter & Personal Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sept. 28, 2023) (citations omitted).

Here, the Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because Plaintiff brings its claim under the Copyright Act, 17 U.S.C. § 101 *et seq*. (ECF No. 1 ¶¶ 23-31.) The Court also has personal jurisdiction over Defendant. Defendant waived any objection to personal jurisdiction when it did not raise that objection in its Motion to Dismiss. (ECF No. 13.) *Loc. 966, Int'l Bhd. of Teamsters v. JCB, Inc.*, Civ. No. 12-00202, 2013 WL 1845607, at *2 (D.N.J. Apr. 30, 2013) ("Federal Rule of Civil Procedure 12(h)(1) provides that a party waives its personal jurisdiction defense if it does not include the defense in a motion to dismiss or a responsive pleading."); *see also Kyko Glob., Inc. v. Prithvi Info. Sols. Ltd.*, Civ. No. 18-01290, 2020 WL 1159439, at *25 (W.D. Pa. Mar. 10, 2020) ("Defendants can also waive their lack of personal jurisdiction when they enter a general appearance with a court." (quoting *Lee v. Chesapeake & O. Ry. Co.*, 260 U.S. 653, 655 (1923))). Regardless, Defendant has engaged in commerce and conducted business in New Jersey sufficient to establish "minimum contacts" for personal jurisdiction. (ECF No. 1 ¶ 5.) *See Nature's Benefit, Inc. v. NFI*, Civ. No. 06-4836, 2007 WL 2462625, at *8 (D.N.J. Aug. 27, 2007) ("[W]here the party 'deliberately'

4

engages in significant activities within a state or creates 'continuing obligations' between him or herself and residents of the forum, minimum contacts will be found to exist.") (citation omitted).

### B.     Service of Process

Under Rule 4(h)(1)(B), limited liability companies may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1). Limited liability companies may also waive service as outlined under Rule 4.  On August 15, 2024, Plaintiff properly filed an executed Waiver of the Service of Summons signed by Defendant's counsel.  (ECF No. 7.)  Accordingly, Defendant has been properly served.  *See* Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served."); *Fink v. Bishop*, Civ. No. 23-566, 2024 WL 3084409, at *3 (D.N.J. June 21, 2024) ("Indeed, a properly executed and filed waiver is the procedural equivalent of serving a summons and complaint.").

### C.     Sufficiency of Cause of Action

Section 501(a) of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by [17 U.S.C. §§ 106-122] or of the author as provided in [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or the right of the author, as the case may be."  To state a claim for copyright infringement, Plaintiff must allege (1) "ownership of a valid copyright," and (2) "unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). Here, Plaintiff has stated a valid claim under the Copyright Act for eight of the twelve total identified Works at issue.

5

### 1.    *Ownership*

Plaintiff alleges that it is the owner of the twelve Works at issue and registered those Works with the Register of Copyrights.  (ECF No. 1 ¶¶ 9, 14.)  However, a plaintiff must do more than simply assert they own the Works at issue.  *See Frazier v. City of Philadelphia*, 778 F. App'x 156, 159 (3d Cir. 2019) (finding ownership of copyright was not adequately pleaded when "[the plaintiff] provided almost no details about the 'several original works of authorship,' he allegedly registered with the U.S. Copyright Office. He offered only a generalized, exemplary list of his copyrighted 'wares.'") (citations omitted).  A Certificate of Copyright Registration submitted to the court constitutes *prima facie* evidence of the validity of the copyright.  *See Granger v. Acme Abstract Co.,* 900 F. Supp. 2d 419, 422 (D.N.J. 2012) (citing 17 U.S.C. § 410(c)); *see also Jarvis v. A & M Recs.*, 827 F. Supp. 282, 289 (D.N.J. 1993) (holding that a *prima facie* case of ownership can be established when plaintiff "present[s] a certificate of registration by the United States Copyright Office"); *Dun & Bradstreet Software Servs., Inc.*, 307 F.3d at 207 (finding plaintiff proved ownership through Certificates of Registration submitted to the court).  Plaintiff bears the burden to prove ownership of the copyrighted Works.  *See Prepared Food Photos, Inc. v. David & Sons Meats LLC*, Civ. No. 23-1781, 2024 WL 912454, at *4 (D.N.J. Mar. 4, 2024).

In its Complaint, Plaintiff alleges Defendant infringed upon twelve Works by ten photographers.  (ECF No. 1 ¶¶ 7, 21.)  Plaintiff attaches an exhibit with images of all twelve Works at issue in the Complaint.  (*See* ECF No. 1-1.)  However, Plaintiff only attaches seven Certificates of Registration naming six photographers.  (*See* ECF No. 1-2.)  Further, Plaintiff does not identify in the Complaint the name or copyright registration number for any of the allegedly infringed Works, making it difficult to confirm whether the Works are listed in the Certificates of Registration provided.  (*See id.*)  The Form AO121 (ECF No. 6) and Declaration from Plaintiff's Chief Executive Officer in support of this Motion (ECF No. 21) do provide the names and

6

copyright registration numbers for eight of the Works at issue. Of these eight, six are listed in the filed Certificates of Registration (*see* ECF No. 1-2) and Plaintiff's ownership is established. For the remaining two Works listed in the Declaration—images AU11351708 and AU11351713—the Registrations publicly on record in the Copyright Catalog[2] confirm Plaintiff's ownership.[3] As such, Plaintiff's ownership is established as to eight Works: images AU2189399, AU1644709, AU11234849, AU2595970, AU11351708, AU11351713, AU11297954 and AU2224006.

For the four remaining Works alleged in Plaintiff's Complaint but whose ownership is not detailed in the Complaint (ECF No. 1; ECF No. 1-2), Form AO121 (ECF No. 6), or Declaration (ECF No. 21), Plaintiff has not sufficiently alleged ownership of a valid copyright. *See Frazier*, 778 F. App'x at 159 (finding "a generalized, exemplary list of [] copyrighted" works with "almost no details" insufficient). As such, default judgment must be denied regarding these four Works. (*See* ECF No. 1-1 at 1, 4, 6, 7.)

### 2. *Copying*

As to the eight Works whose ownership is confirmed, "[c]opying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, including the rights to distribute and reproduce copyrighted material." *Kay Berry,*

---

[2] "Courts are permitted to consider affidavits and other evidentiary materials on a motion for default." *Ownum, LLC v. Ownum, Inc.*, Civ. No. 19-1043, 2020 WL 8882941, at *2 (D. Del. Apr. 17, 2020), *report and recommendation adopted*, Civ. No. 19-1043, 2020 WL 8884958 (D. Del. May 5, 2020). The Court may take judicial notice of Copyright Registrations, as they are public record. *See Watson Music Grp., LLC v. FlavorGod LLC*, Civ. No. 24-10582, 2025 WL 2474596, at *3 (D.N.J. Aug. 28, 2025).

[3] Plaintiff filed a partial copy of a Registration Record for photographs taken by and registered to Miller Mobley, (ECF No. 1-2 at 15), the photographer associated with these two images (ECF No. 21 at 8-9). The Registration Record was not reproduced in full but taking judicial notice of the full record, the Court confirms Plaintiff's ownership for these two images. *See* U.S. Copyright Off., Registration Record VA0002231277, https://publicrecords.copyright.gov/detailed-record/voyager_32070507.

*Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (citations and internal quotation marks omitted).  Copying may be inferred by showing both that the defendant had access to a copyrighted work, and that there are substantial similarities between the two works.  *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561-62 (3d Cir. 2002) (citing *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986)).

The "substantial similarities" test is further divided into two considerations:  (1) "whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own," and (2), whether, "with the perspective of the lay observer, . . . the copying was illicit, or an unlawful appropriation of the copyrighted work."  *Prepared Foods Photo, Inc. v. La Strada Restaurant, Inc.*, Civ. No. 24-00028, 2024 WL 3199918, at *3 (D.N.J. Jun. 25, 2024) (internal quotation marks omitted) (quoting *Whelan*, 797 F.2d at 1232); *Granger*, 900 F. Supp. 2d at 424 ("'Not all copying, however, is copyright infringement.' . . . Even if actual copying is proven, 'the fact-finder must decide without the aid of expert testimony, but with the perspective of the "lay observer," whether the copying was "illicit," or "an unlawful appropriation" of the copyrighted work.'") (first quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); then quoting *Kay Berry*, 421 F.3d at 207-08).

Here, Plaintiff establishes the first element of sufficient similarity by providing images of the Works and screenshots of Defendant's Instagram page, which show those Works incorporated into images posted on Defendant's Instagram account.  (ECF No. 21 at 4-11 (images of the eight Works); ECF No. 1-3 at 1-4, 6 (screenshots of eight Works in images on Defendant's Instagram page.)  *See La Strada Restaurant, Inc.*, 2024 WL 3199918, at *3 (finding sufficient similarity between the two works in question to support copying where the plaintiff "provide[d] screenshots of both the Photo itself and of Defendant's website using the Photo" and "[t]he images are clearly

8

the same"). Plaintiff establishes the second element, that the copying was "illicit," through plausibly alleging that Defendant downloaded the Works and posted them on its Instagram page without authorization or procuring a license from Plaintiff. (ECF No. 1 ¶¶ 16-19.) *See DirecTV, Inc.*, 2006 WL 680533, at *1 (finding that following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint"); *La Strada Restaurant, Inc.*, 2024 WL 3199918, at *3 (finding that "illicit" copying was established when the Complaint alleged that "Defendant did not have a license to use the Photo but published it nonetheless").

Finally, "copyright infringement may be considered willful—and statutory damages may be increased accordingly—when a defendant defaults and decides not to defend against the action." *David & Sons Meats*, 2024 WL 912454, at *3 (citing 17 U.S.C. § 504(c)(2)). Courts in this district have previously adopted the "willfulness" standard of the United States Court of Appeals for the Second Circuit, which requires a plaintiff to demonstrate that (1) "the defendant was actually aware of the infringing activity, or" (2) "the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *See Lines+Angeles, Inc. v. Adiago Teas, Inc.*, Civ. No. 20-00831, 2022 WL 2473360, at *5 (D.N.J. July 5, 2022); *David & Sons Meats*, 2024 WL 912454, at *3 (applying the standard on a motion for default judgment).

Defendant initially appeared in this action (*see* ECF No. 8) and moved to dismiss the Complaint (ECF No. 13). However, after the Court denied that Motion in April 2025 (ECF Nos. 16, 17), Plaintiff did not serve an Answer within the fourteen days required by Rule 12(a)(4)(A). "[A defendant's] default and their decision not to defend against these allegations are grounds for concluding that their actions were willful." *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008); *see also Sony Music Ent. v. Cassette Prods.*,

Civ. No. 92-4494, 1996 WL 673158, at *5 (D.N.J. Sept. 30, 1996) (inferring that the defendant "willfully infringed [the p]laintiff's copyrights" because the defendant "defaulted and consciously chose not to defend this action"). Further, Plaintiff plausibly alleges that Defendant downloaded these Works without a license (ECF No. 1 ¶ 17) and that Plaintiff had already brought a separate lawsuit against Defendant for unlicensed use of Plaintiff's Works (*id.* ¶ 22). Defendant's refusal to respond to Plaintiff's Complaint and the instant lawsuit demonstrates at least a reckless disregard, if not actual knowledge, of its infringing conduct. *See David & Sons Meats*, 2024 WL 912454, at *4. For these reasons, Plaintiff has stated a valid copyright infringement action for eight Works[4] and has demonstrated that Defendant's conduct was "willful." *See id.*

### D.    Default Judgment is Appropriate

The three additional factors that the Court must consider when determining whether default judgment is appropriate weigh in favor of Plaintiff. *See Chamberlain,* 210 F.3d at 164 (citation omitted). First, denial of Plaintiff's Motion would result in prejudice because when a defendant "fails to respond to a plaintiff's claims, the plaintiff [suffers] prejudice[] absent a default judgment because [the] plaintiff [is] left with no other means to vindicate [her] claims." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, Civ. No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (third and fifth alteration in original) (citation omitted). Second, nothing in the current record evinces any meritorious defense to Plaintiff's claim.[5] *See GP Acoustics, Inc. v. Brandnamez, LLC*,

---

[4]    For clarity, these eight Works—the Works discussed in the Declaration from Plaintiff's CEO in support of this Motion (ECF No. 21)—are images AU2189399, AU1644709, AU11234849, AU2595970, AU11351708, AU11351713, AU11297954 and AU2224006.

[5]    In its prior Motion to Dismiss, Defendant asserted that Plaintiff's claims were barred by res judicata/issue preclusion. (ECF No. 16 at 2; *see* ECF No. 13-1.) The Court found that res judicata did not bar Plaintiff's claim because the material facts in this case differ from those at issue in a prior action, involving different images and different infringing actions. (ECF No. 16 at 5-6.)

Civ. No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (noting that a "[d]efendant's failure to answer makes it practically impossible for the Court to determine whether [the defendant has] a meritorious defense") (internal quotation marks and citations omitted).  Finally, Defendant's failure to respond permits the Court to draw an inference of culpability on its part.  *See J & J Sports Prods., Inc. v. Tribiri-Tabara, LLC*, Civ. No. 18-13867, 2019 WL 2754955, at *3 (D.N.J. July 2, 2019) ("When a defendant has failed to answer, move, or respond to a complaint, culpability is presumed.").  Default judgment is appropriate regarding eight of Plaintiff's asserted Works.

### E.     Remedies

Having found that default judgment is appropriate, the Court now addresses the question of damages.  "Courts should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages."  *Rose Containerline, Inc. v. Omega Shipping Co., Inc.*, Civ. No. 10-4345, 2011 WL 1564637, at *1 (D.N.J. Apr. 25, 2011).  Therefore, the Court "conduct[s] its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'"  *Id.* (quoting *Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs.*, Civ. No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007)).

Here, Plaintiff seeks a permanent injunction against Defendant, both statutory and actual damages, and interest.[6]  (ECF No. 20 at 11.)  The Court considers each request in turn.

---

[6]     In its Complaint, Plaintiff also asks for an award of costs and attorney's fees, but does not appear to seek that award in this Motion.  (*Compare* ECF No. 1 at 6, *with* ECF No. 20 at 11.)  *See Knights Franchise Sys., Inc. v. Patel*, Civ. No. 16-1707, 2017 WL 5191805, at *4 n.2 (D.N.J. Nov. 9, 2017) (finding that "[t]he Complaint also seeks damages for 'attorneys' fees and costs of suit,' however, it does not appear that Plaintiff seeks those amounts in its motion for default judgment" and not considering attorney's fees on default judgment).  Should Plaintiff seek to recoup attorneys' fees, Plaintiff must file a Bill of Costs and application for attorneys' fees in compliance with Local Rules 54.1 and 54.2.  *Joe Hand Promotions, Inc. v. Escoboza*, Civ. No. 22-06147, 2023 WL 1990484, at *2 (D.N.J. Feb. 14, 2023) ("Plaintiff also asks for costs and attorneys' fees. However, Plaintiff's request is not in compliance with the Local Rules and provides almost no

11

### 1.    *Permanent Injunction*

Plaintiff asks the Court to permanently enjoin Defendant and its affiliates from infringing upon Plaintiff's copyrighted Works.  (ECF No. 20 at 11.)  The Copyright Act permits courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  A plaintiff seeking a permanent injunction must demonstrate that (1) the moving party has shown actual success on the merits, (2) denial of injunctive relief will result in irreparable harm to the moving party, (3) the injunction will not result in even greater harm to the defendant, and (4) the injunction serves the public interest. *David & Sons Meats*, 2024 WL 912454, at \*7 (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."  *Victory's Dawn, Inc. v. Clemons*, Civ. No. 21-9744, 2022 WL 3402491, at \*5 (D.N.J. Aug. 12, 2022) (quoting *Free Speech Coal, Inc. v. Att'y Gen. of the U.S.*, 974 F.3d 408, 430 (3d Cir. 2020)).  Additionally, "the Court must be careful not to presume irreparable harm because injunctive relief 'may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief.'"  *Id.* (emphasis in original) (quoting *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 217 (3d Cir. 2014)).  Courts are especially cautious in awarding a permanent injunction at default judgment because "default judgment could serve as an end run around the 'high burden placed on the moving party to establish that an injunction is warranted.'"  *Id.* (quoting *Mallet & Co. v. Lacayo*, 16 F.4th 364, 391 (3d Cir. 2021)).  Plaintiff offers only a cursory reference to injunctive relief in the conclusion of its brief and fails to demonstrate how denial of such relief

---

specificity of the costs and fees incurred. Plaintiff's request for fees is denied without prejudice, with leave to file a Bill of Costs in compliance with Local Rule 54.1, and an application for attorneys' fees in compliance with Local Rule 54.2.").

will result in irreparable harm, how an injunction will not result in even greater harm to Defendant, or how an injunction would serve the public interest. (*See* ECF No. 20 at 11 (only requesting that the Court "enjoin[] and restrain[] Defendant, their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted works of Plaintiff").) As such, Plaintiff has not met the standard to *clearly show* a permanent injunction is warranted, and this relief is denied without prejudice.

### 2. *Damages*

As a preliminary matter, the Copyright Act allows a copyright holder to elect an award either for the holder's actual damages and any additional profits of the infringer, *or* statutory damages. 17 U.S.C. § 504(a)-(c) (emphasis added); *see Educ. Testing Servs. v. Katzman*, 670 F. Supp. 1237, 1242 (D.N.J. 1987) ("A plaintiff must elect between actual damages and statutory damages; he or she may not have both."). However, the statute does not specify at what point before final judgment a plaintiff must elect which type of damages it is seeking. As a result, courts have held that a "plaintiff may submit both forms of recovery to the trier of fact as alternatives, and then wait until the verdict is rendered and pick the one it wants." 6 William F. Patry, Patry on Copyright § 22:171 (2025) (collecting cases); *see, e.g.*, *Glazier v. First Media Corp.*, 532 F. Supp. 63, 68 (D. Del. 1982) (describing that actual damages may be submitted to the jury for determination, the court will determine statutory damages thereafter, and "[b]efore judgment is entered plaintiff will be required to elect whether he wishes to accept the verdict of the jury as to actual damages and profits or the Court's award of statutory damages"); *Am. Bridal & Prom Indus. Ass'n, Inc. v. 2016dressforprom.com*, Civ. No. 16-08272, 2017 WL 4154934, at *5 (D.N.J. Sep. 19, 2017) ("Plaintiffs articulate an argument for both actual damages and a statutory award, though express their preference for actual damages.").

Here, Plaintiff includes in its Complaint a request for actual damages or, in the alternative, statutory damages. (ECF No. 1 at 6 ("Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper").) In the present Motion, Plaintiff appears to seek actual damages for the eight Works for which ownership has been proven *and* statutory damages for three of those eight Works that were registered before the infringement took place. (*See* ECF No. 21 at 13-14 (calculating licensing fees for all eight Works as $21,684.35); ECF No. 20 at 9 (requesting actual damages of licensing fee for all eight Works multiplied by three, for a total of $65,053.05); *id.* at 11 (requesting statutory damages of licensing fee for three timely-registered Works multiplied by five, for a total of $51,836.75); *id.* at 8, 11 (requesting award of $116,889.80 in damages, incorporating the totals of Plaintiff's requested actual and statutory damages).) That is impermissible; Plaintiff must elect to receive *either* actual *or* statutory damages before final judgment is rendered. *Katzman*, 670 F. Supp. at 1242.

Because Plaintiff presents evidence regarding both actual and statutory damages, the Court will consider the award under each form of recovery although ultimately Plaintiff may only select to receive actual or statutory damages.

### a.    Actual Damages

A copyright holder who elects to recover actual damages may recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."[7]

---

[7]    Plaintiff does not appear to seek profits of the infringer as part of its calculation of actual damages; it has not provided the Court with evidence or allegations that Defendant has profited from the infringements. *See Jarvis*, 827 F. Supp. at 294 (finding that "[t]o establish profits, plaintiff is only required to present evidence of the defendants' gross profits").

14

17 U.S.C. § 504(b).  "[A]n actual damages award 'looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act.'"  *Leonard v. Stemtech Int'l Inc,* 834 F.3d 376, 390 (3d Cir. 2016) (second alteration in original) (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001)).

"These damages 'are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.'"  *Id.* (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)).  "Fair market value is often described as 'the reasonable licensing fee on which a willing buyer and a willing seller would have agreed for the use taken by the infringer.'"  *Id.* (quoting *On Davis*, 246 F.3d at 167).

Here, Plaintiff provides information on past licensing fees for the eight Works, representing that the total licensing fee all together is $21,684.35.  (ECF No. 20 at 9.)  However, "[t]he documentation in front of the Court is insufficient and confusing" for one of the asserted Works.  *Rose Containerline, Inc.*, 2011 WL 1564637, at *3.  Plaintiff represents that one of these Works, image AU1644709, is a portrait taken by photographer Emily Shur and provides a past license for a sample photo of Shur's, which lists a licensing fee of £1,800 or approximately $2,417.  (ECF No. 21 at 5, 12; ECF 21-2.)  But the Certificate of Registration provided by Plaintiff shows that image AU1644709 is associated with a different photographer, Danielle Levitt.  (ECF No. 1-2 at 7.)  A past license provided for another Work created by Levitt has a significantly lower licensing fee of $400.  (*See* ECF No. 21-1 at 3.)  Considering this discrepancy, the Court reserves its determination of actual damages.  Plaintiff is instructed to submit supplemental briefing on the licensing fee associated with image AU1644709 so the Court may appropriately consider actual

15

damages.[8]  The license fee associated with the seven other Works is sufficiently clear.  *See Ali v. Jenkins*, Civ. No. 18-15078, 2023 WL 8437230, at \*5 (D.N.J. Dec. 5, 2023) ("'[A] plaintiff must provide an affidavit or other documentary evidence to justify the amount in damages.' If the proof is insufficient, the Court may conduct a hearing or order the plaintiff to provide additional support.") (internal quotations omitted) (quoting *Superior Towing & Transp., LLC v. J.B. Hunt Transp., Inc.*, No. 21-0900, 2021 WL 4482824, at \*7-8 (D.N.J. Sep. 30, 2021)); *see also Rose Containerline, Inc.*, 2011 WL 1564637, at \*3.

> b.     *Statutory Damages*

A copyright holder who elects to recover statutory damages instead of actual damages may recover between $750 and $30,000 for each infringement "as the court considers just."  17 U.S.C. § 504(c)(1).  If the court finds that the infringement was committed willfully, the court may increase the award to a sum of not more than $150,000.  *Id.* § 504(c)(2).

Statutory damages are intended both to compensate the plaintiff for the infringement and to "deter future infringements by punishing the defendant for its actions."  *Broad. Music, Inc. v. 3817 Pac. LLC*, Civ. No. 23-22782, 2024 WL 3451885, at \*6 (D.N.J. July 18, 2024) (quoting *Microsoft Corp. v. Gonzales*, Civ. No. 06-4331, 2007 WL 2066363, at \*6 (D.N.J. July 13, 2007)).  Therefore, statutory damages "should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them."  *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008) (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 958 (E.D. Pa. 1990)).  Courts in this circuit commonly

---

[8]     Plaintiff also contends that "a multiple of three should be added to the $21,684.35 to account for the damage to the exclusivity value of the Copyrighted Works."  (ECF No. 20 at 9.) The Court will not consider the application of multipliers to actual damages until Plaintiff has submitted supplemental briefing to clarify the license cost of these Works.

award statutory damages "between two to five times the amount that a defendant would have paid in licensing fees." *3817 Pac. LLC*, 2024 WL 3451885, at *6 (collecting cases); *David & Sons Meats*, 2024 WL 912454, at *7 (awarding statutory damages of two times the minimum licensing fee).

No award of statutory damages may be awarded for "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Plaintiff concedes that only three of the eight Works infringed upon—images AU2189399, AU2595970, and AU11351713—have registrations predating the Defendant's infringing Instagram posts.[9]  (ECF No. 20 at 6-7.)  As such, the Court only considers statutory damages for those three images.[10]

Here, Plaintiff asserts that the fair market value of these three Works is based on the licensing fees: "$400 for the Danielle Levitt work (AU2189399), $9,000 for the Micaiah Carter work (AU2595970), and $967.35 for the Miller Mobley work (AU11351713) for total sum of $10,367.35." (ECF No. 20 at 11.)  In an accompanying Declaration, Plaintiff's CEO attests that "Defendant appears to have used a number of the images in manner that exceeds the type of limited

---

[9]     The effective date of registration for image AU2595970 is December 22, 2023 (ECF No. 1-2 at 13) while the alleged infringement occurred on December 19, 2023 (ECF No. 1-3 at 3). However, because the photograph was originally published in December 2023 (ECF No. 1-2 at 13) and registered within three months of that publication (in this case, the same month), 17 U.S.C. § 412(2) still allows for statutory damages for image AU2595970.

[10]     While registration post-dating infringement impacts eligibility for statutory damages, it does not impact the Court's determination that Plaintiff has stated a valid claim under the Copyright Act for all eight of these Works.  "A 'copyright', as a right, vests immediately upon the creation of the work" and "must not be confused with the act of registering that right[.]" *Brownstein v. Lindsay*, 742 F.3d 55, 66 (3d Cir. 2014).

use that [Plaintiff] typically permits" and "the value of the Copyrighted Works lies in large part in the exclusivity of the images." (ECF No. 21 ¶¶ 50, 53.) For these reasons, Plaintiff asks for an award of $51,836.75 in statutory damages, or five times the licensing fee of $10,367.35 that it would have charged Defendant had it acquired a license to use these three Works. (ECF No. 20 at 11.)

The Court has already found that Defendant's conduct was willful, which justifies an award that exceeds the unpaid licensing fee in order to deter future infringements. *See 3817 Pac. LLC*, 2024 WL 3451885, at *6. However, the Court finds that multiplying the unpaid licensing fee by two, leading to an award of $20,734.70, is a more appropriate way to calculate the statutory damages in this case. Such an award is sufficient to deter future infringement and more closely aligns with common practice in this Circuit. *See, e.g.*, *David & Sons Meats*, 2024 WL 912454, at *1-2, *6 & n.2 (awarding statutory damages of twice the amount of an annual licensing fee where the defendant published one copyrighted photograph at least eight times on social media, and collecting cases that awarded similar statutory damages for online infringement of copyrighted images); *Michael Grecco Prods., Inc. v. Al Día Newspaper, Inc.*, Civ. No. 21-4907, 2023 WL 1971164, at *1-3 (E.D. Pa. Feb. 13, 2023) (awarding two times the amount of the plaintiff's actual damages where the defendant published one copyrighted image on its website); *cf. Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 170 (D.N.J. 1995) (awarding five times the $702.00 licensing fee because where "the license fee avoided is low, damages of only two or three times the license fee might yield an award insufficient to accomplish" deterrence). Therefore, should Plaintiff elect to receive statutory damages, it is entitled to receive $20,734.70.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Default Judgment (ECF No. 19) is **GRANTED in part** and **DENIED in part**. The Court **GRANTS**

default judgment as to liability for eight Works, but **DENIES** without prejudice Plaintiff's request for a permanent injunction and defers its decision regarding actual damages with respect to those eight Works. The Court directs Plaintiff to submit supplemental briefing in support of its request for actual damages for these eight Works within 30 days of entry of the accompanying Order. The Court **DENIES** default judgment as to the additional four Works identified in the Complaint. An appropriate Order follows.

Dated: February 11, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

19